# LAW OFFICE OF MOHAMMED GANGAT
(718) 669-0714 ✦ 675 3rd Ave, Ste 1810, NY, NY 10017 ✦ mgangat@gangatpllc.com

June 20, 2018

*VIA ECF*
Hon. Katherine B. Forrest, U.S.D.J
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      RE:    <u>*Toussaint v. Alliance ECA, LLC*, No. 18-cv-2231-(KBF)</u>

Dear Judge Forrest:

    I am counsel for the plaintiff Sherries Toussaint ("Plaintiff") in the above-referenced action (the "Action") and write to submit a joint letter on behalf of all parties seeking the Court's approval of the settlement in this action, as per Your Honor's Order and the Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).

    The Action is a proposed collective action under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") for unpaid overtime and other amounts due Plaintiff as a result of Defendants' alleged violations of wage-and-hour law.

    As set forth more fully in Plaintiff's complaint, Defendants allegedly denied Plaintiff wages due under the FLSA and NYLL for unpaid minimum wage, unpaid overtime and unpaid spread of hours pay. Based on the allegations in the complaint, Plaintiffs calculated the following unpaid wages: $35,560. A *bona fide* dispute arose when Defendants appeared in this action and disputed whether they were each, or jointly, a Covered Employer under the FLSA or NYLL. Defendants raised colorable arguments with respect to their position.

    Defendants assert that they are not Plaintiff's employers and thus not subject to the FLSA or NYLL. Rather, they assert that it is the elderly, their families or court-appointed guardians who directly employed the Plaintiff. Indeed, a document produced by Defendants appeared to indicate that Plaintiff sought unemployment benefits and identified the patient as the employer. To this end, the Defendants assert that they merely provide consulting services to the families or court-appointed guardians to determine what care is appropriate and should be rendered. Defendants allege that they neither paid Plaintiff directly nor supervised or controlled the method of care rendered by the Plaintiff.

    The parties engaged in negotiations through counsel, including the exchange of documentary evidence. After several rounds of negotiation, the parties arrived at a compromise figure of $35,000 to resolve all claims, including attorney's fees.

The parties' agreement to resolve this Action (the "Agreement") that is being submitted to Your Honor for approval is in line with the mandate from *Cheeks*. (A copy of the Agreement is attached hereto as **Exhibit A**.) Keeping in line with the trend in this Circuit following *Cheeks*, the Agreement contains a limited release, that applies only to claims arising before Plaintiff signed the Settlement Agreement. Plaintiff's attorneys' fees are the standard for contingent fee representations (and arguably less given that the one-third was applied to the gross settlement amount and not a lower, net amount after accounting for expenses). Most importantly, and unlike the settlement agreement at issue in *Cheeks*, the Agreement is available to Your Honor to explore and to assess whether it was likely the fair result of a balanced negotiation, in which Plaintiff was represented by able counsel.

A FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Cheeks*, *supra*; *Wolinsky v. Scholastic, Inc.* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc.*, No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008). Although the FLSA places "limits on an employee's ability to waive claims . . . for fear that employers would otherwise coerce employees into settlement and waiver," *Wolinsky*, 900 F. Supp. 2d at 332, 335 (S.D.N.Y. 2012), "these concerns are not as relevant when the plaintiffs no longer work for the defendant, as is the case here." *Cisneros v. Schnipper Restaurant LLC*, 2014 U.S. Dist. LEXIS 2111, *3 (S.D.N.Y. Jan. 8, 2014).

Here, there is no question that the settlement did not come about because of "overreaching" by the alleged employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations occurring over many months, involving counsel and the exchange of documentary evidence. The parties' counsel are experienced and well-versed in wage and hour law and duly counseled their respective clients on the benefits and risks of continued litigation. As explained above, the settlement represents nearly complete recovery of actual unpaid wages under Plaintiff's theory of liability and Plaintiff's damages calculation. Settlement at this stage of the case for this amount unquestionably constitutes the most efficient and effective conclusion to this litigation for all parties.

As demonstrated above, the settlement that the parties seek joint approval from this honorable Court is a result of substantial negotiations spanning several months and consists of

fair and reasonable compromise by both parties given the risks and costs associated with continued litigation and trial. The parties believe that the settlement is completely fair, reasonable, and adequate to the Plaintiff and respectfully request that the Court approve the Agreement.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

*/s/ Mohammed Gangat*

Mohammed Gangat

cc: All counsel of record (via ECF)